| | |
|---|---|
| **KIMBERLY SIMON** | SEC. 2013 5031 NO. |
| | 15ᵀᴴ **JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF LAFAYETTE** |
| **SCHLUMBERGER TECHNOLOGY CORPORATION** | **STATE OF LOUISIANA** |

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes and appears KIMBERLY SIMON, a resident of the full age of majority of the Parish of Lafayette, State of Louisiana, who respectfully represents that:

I.

Made defendant herein is SCHLUMBERGER TECHNOLOGY CORPORATION, a foreign corporation licensed and doing business in the State of Louisiana. Defendant was, at all times relevant herein, acting through its officers, managerial employees, agents and/or others for who it is both directly and vicariously liable.

II.

While in the employment of defendant and its agents, plaintiff was subjected to discrimination due to a disability, as set forth herein:

III.

On or about July 29, 2012, plaintiff, Kimberly Simon, was hired as a field engineer trainee at the Schlumberger's location in Youngsville, Louisiana.

IV

Before beginning training for the position, Ms. Simon told her direct supervisor, Adrian Moss, that she was sick with colitis, a digestive disorder, and that she was not yet fit to successfully complete the training requirements. However, her supervisor brushed her off, told her that she would be fine, and that she should pass any tests as long as she took the practice exam.

**EXHIBIT A**

V.

Throughout the training course, plaintiff was ill due to side effects of her medication and due to extreme anxiety caused by steroids that she was required to take for her condition. As a consequence, she did not do well on the exam and missed passing by one point.

VI.

When asked what happened, plaintiff explained to Mary Lackey, the human resources manager, that she was sick and believed that her medical issues prevented her from successfully passing the required test and requested extra time to get her condition and medication regimen under control in order to successfully pass.

VII.

On or about November 2, 2012, after plaintiff failed the exam, Mary Lackey sent a letter to plaintiff's treating medical provider requesting that he fill out a form regarding the physical demand requirements for her job description. Plaintiff's medical provider noted that plaintiff was able to perform such physical duties of her job with her medical diagnosis of colitis. However, nothing was noted regarding her current medication and its side effects, and how the medication and her condition affect her ability to mentally prepare and pass an exam. Plaintiff was not requesting an accommodation for her regular job duties as her employer was asking of the doctor, but was requesting an accommodation in order to successfully prepare and pass the required exam.

VIII.

Upon receiving the paperwork back from plaintiff's medical provider, plaintiff requested to call her physician's assistant to specify what was needed regarding her medical condition to clarify her explanations of her illness and medication and how it has affected her performance on the exam. Mary Lackey did not allow plaintiff to call her physician assistant or allow her to give further understanding of her need for an accommodation.

IX.

Plaintiff was terminated because according to her employer, her doctor reported there were no medical issues to substantiate her failing the exam. However, plaintiff's

EXHIBIT A

employer actually stated that she could perform all her regular job duties with her condition, and nothing regarding her ability to pass the exam.

X.

Plaintiff's employer never asked plaintiff's physician's assistant how her condition and her medication affected her mental abilities to currently pass an exam. Nothing was also asked of plaintiff's physician whether extra time was needed for plaintiff to be able to control her condition and regulate her medication in order to successfully pass an exam. Moreover, plaintiff's own requests to contact her physician's assistant and clarify the accommodation that was needed went unheard. Instead, she was immediately terminated.

XI.

As a result of the incidents alleged herein, your plaintiff, Kimberly Simon, sustained damages which include, but are not limited to: severe emotional distress, past and present mental anguish, lost wages, as well as other damages as will be more fully shown at trial of this matter and all for which plaintiff specifically sues for herein.

XII.

Plaintiff is entitled to and desires all relief, including, but not limited to, equitable and/or injunctive relief, back pay, front pay, compensatory damages, and punitive damages afforded to her under the Americans with Disabilities Act.

XII.

Plaintiff is entitled to and desires an award of attorney's fees, litigation expenses, and costs, as provided under law.

XIV.

On or about December 13, 2012, plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. All conditions precedent to his filing of this lawsuit have been met.

WHEREFORE, plaintiff, Kimberly Simon, respectfully prays that this Honorable Court, after all due proceedings, render judgment against defendant, SCHLUMBERGER TECHNOLOGY CORPORATION, in favor of plaintiff for damages in an amount to be proven at trial, including but not limited to damages reasonable in the premises for

EXHIBIT A

mental anguish, distress and humiliation, as well as compensatory damages, back pay, front pay, punitive damages, and attorney's fees, all with interest from date of demand until paid and for all other legal and equitable relief as provided under law, and all costs of these proceedings.

Respectfully Submitted:

Gregory J. Miller (17059)
Miller & Hampton
3960 Government St.
Baton Rouge, LA 70806
(225) 343-2205   Fax (225) 343-2870
Attorney for Kimberly Simon

**PLEASE SERVE:**

Schlumberger Technology Corporation
Through its registered agent:
National Registered Agents
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

FILED THIS 11th DAY OF OCTOBER, 20 13
TRUE COPY ATTEST, LAFAYETTE, LA

Deputy Clerk of Court

EXHIBIT A

| | | |
|---|---|---|
| KIMBERLY SIMON | SEC. | NO. 20135031 L |
| VERSUS | 15TH JUDICIAL DISTRICT COURT | |
| | PARISH OF LAFAYETTE | |
| SCHLUMBERGER TECHNOLOGY CORPORATION | STATE OF LOUISIANA | DIV. "L" |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes and appears KIMBERLY SIMON, a resident of the full age of majority of the Parish of Lafayette, State of Louisiana, who respectfully represents that:

I.

Made defendant herein is SCHLUMBERGER TECHNOLOGY CORPORATION, a foreign corporation licensed and doing business in the State of Louisiana. Defendant was, at all times relevant herein, acting through its officers, managerial employees, agents and/or others for who it is both directly and vicariously liable.

II.

While in the employment of defendant and its agents, plaintiff was subjected to discrimination due to a disability, as set forth herein:

III.

On or about July 29, 2012, plaintiff, Kimberly Simon, was hired as a field engineer trainee at the Schlumberger's location in Youngsville, Louisiana.

IV

Before beginning training for the position, Ms. Simon told her direct supervisor, Adrian Moss, that she was sick with colitis, a digestive disorder, and that she was not yet fit to successfully complete the training requirements. However, her supervisor brushed her off, told her that she would be fine, and that she should pass any tests as long as she took the practice exam.

V.

Throughout the training course, plaintiff was ill due to side effects of her medication and due to extreme anxiety caused by steroids that she was required to take for her condition. As a consequence, she did not do well on the exam and missed passing by one point.

VI.

When asked what happened, plaintiff explained to Mary Lackey, the human resources manager, that she was sick and believed that her medical issues prevented her from successfully passing the required test and requested extra time to get her condition and medication regimen under control in order to successfully pass.

VII.

On or about November 2, 2012, after plaintiff failed the exam, Mary Lackey sent a letter to plaintiff's treating medical provider requesting that he fill out a form regarding the physical demand requirements for her job description. Plaintiff's medical provider noted that plaintiff was able to perform such physical duties of her job with her medical diagnosis of colitis. However, nothing was noted regarding her current medication and its side effects, and how the medication and her condition affect her ability to mentally prepare and pass an exam. Plaintiff was not requesting an accommodation for her regular job duties as her employer was asking of the doctor, but was requesting an accommodation in order to successfully prepare and pass the required exam.

VIII.

Upon receiving the paperwork back from plaintiff's medical provider, plaintiff requested to call her physician's assistant to specify what was needed regarding her medical condition to clarify her explanations of her illness and medication and how it has affected her performance on the exam. Mary Lackey did not allow plaintiff to call her physician assistant or allow her to give further understanding of her need for an accommodation.

IX.

Plaintiff was terminated because according to her employer, her doctor reported there were no medical issues to substantiate her failing the exam. However, plaintiff's

employer actually stated that she could perform all her regular job duties with her condition, and nothing regarding her ability to pass the exam.

X.

Plaintiff's employer never asked plaintiff's physician's assistant how her condition and her medication affected her mental abilities to currently pass an exam. Nothing was also asked of plaintiff's physician whether extra time was needed for plaintiff to be able to control her condition and regulate her medication in order to successfully pass an exam. Moreover, plaintiff's own requests to contact her physician's assistant and clarify the accommodation that was needed went unheard. Instead, she was immediately terminated.

XI.

As a result of the incidents alleged herein, your plaintiff, Kimberly Simon, sustained damages which include, but are not limited to: severe emotional distress, past and present mental anguish, lost wages, as well as other damages as will be more fully shown at trial of this matter and all for which plaintiff specifically sues for herein.

XII.

Plaintiff is entitled to and desires all relief, including, but not limited to, equitable and/or injunctive relief, back pay, front pay, compensatory damages, and punitive damages afforded to her under the Americans with Disabilities Act.

XII.

Plaintiff is entitled to and desires an award of attorney's fees, litigation expenses, and costs, as provided under law.

XIV.

On or about December 13, 2012, plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. All conditions precedent to his filing of this lawsuit have been met.

WHEREFORE, plaintiff, Kimberly Simon, respectfully prays that this Honorable Court, after all due proceedings, render judgment against defendant, SCHLUMBERGER TECHNOLOGY CORPORATION, in favor of plaintiff for damages in an amount to be proven at trial, including but not limited to damages reasonable in the premises for

mental anguish, distress and humiliation, as well as compensatory damages, back pay, front pay, punitive damages, and attorney's fees, all with interest from date of demand until paid and for all other legal and equitable relief as provided under law, and all costs of these proceedings.

Respectfully Submitted:

_____
Gregory J. Miller (17059)
Miller & Hampton
3960 Government St.
Baton Rouge, LA 70806
(225) 343-2205  Fax (225) 343-2870
Attorney for Kimberly Simon

**PLEASE SERVE:**

Schlumberger Technology Corporation
Through its registered agent:
National Registered Agents
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA  70808

FAX FILED THIS ___1ST___
DAY OF __OCTOBER__, 20_13_
_[signature]_
Deputy Clerk of Court

A TRUE COPY ATTEST
Lafayette, La. 10.08.13
_[signature]_
DY. CLERK OF COURT

EXHIBIT A